IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JASON JONES and AMANDA JONES, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-773-JFB-SRF |
| | ) | |
| HOME BUYERS WARRANTY CORPORATION, | ) | |
| and NATIONAL HOME INSURANCE | ) | |
| COMPANY (A RISK RETENTION GROUP), | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Presently before the court in this action for breach of contract and alleged residential construction defects is Petitioners Jason and Amanda Jones' (collectively, "Petitioners") motion to remand the case to the Delaware Court of Chancery. (D.I. 6) Respondents, Home Buyers Warranty Corporation ("HBW") and National Home Insurance Company (A Risk Retention Group) ("NHIC") (together, "Respondents"), oppose the motion. (D.I. 9) For the following reasons, I recommend DENYING Petitioners' motion to remand.

### II. BACKGROUND

Petitioners are citizens of the Commonwealth of Pennsylvania. (D.I. 1 at 2) HBW is a Colorado corporation with its principal place of business in Denver, Colorado. (*Id.*) NHIC is a Colorado corporation with its principal place of business in Denver, Colorado. (*Id.*) Petitioners executed a sales agreement with BPG Residential Partners IV, LLC ("seller") on March 31, 2004 for the purchase of a new home at 156 Christina Landing in Wilmington, Delaware (the "Home"), which included a warranty (the "Warranty") that provided for binding arbitration to

resolve any disputes arising out of any part of the sales agreement. (D.I. 1, Ex. A at 48) HBW is the administrator of the Warranty on the Home, and NHIC is the Warranty insurer. (D.I. 1 at 2)

On October 15, 2015, Petitioners filed a complaint in the Superior Court of the State of Delaware (the "Superior Court Action")[1] against HBW and NHIC. (D.I. 1, Ex. A at 20) The complaint alleged breach of contract, negligent construction, negligent repair, breach of the Warranty, bad faith, promissory estoppel, consumer fraud, and deceptive trade practices. (*Id.* at 33-43) Petitioners also sought a declaratory judgment establishing the Warranty as a contract of adhesion and declaring its arbitration provision, waivers, disclaimers, and exclusions as ambiguous, unconscionable, and unenforceable. (*Id.*)

On November 30, 2015, HBW and NHIC filed a petition to compel arbitration of Petitioners' claims in the United States District Court for the District of Delaware, invoking diversity jurisdiction. (*Id.* at 163) On May 4, 2016, in a Report and Recommendation, the court found that, because petitioners claimed $31,777 in repairs to their home, and also asserted fraud, bad faith, and consumer fraud, for which they sought treble damages,[2] it had diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Home Buyers Warranty Corp. v. Jones*, 2016 WL 2350103, at *3 (D. Del. May 4, 2016), *report and recommendation adopted*, 2016 WL 3457006 (D. Del. June 21, 2016). The court granted Respondents' petition to compel arbitration because

---

[1] This case is captioned *Jones v. BPG Residential Partners IV, LLC*, C.A. No. N15C-10-131WCC CCLD.
[2] The claim for treble damages exceeded the statutory threshold. *Home Buyers Warranty Corp.*, 2016 WL 2350103, at *3. Petitioners argued that Respondents based jurisdiction on Petitioners' non-warranty claims, for which there was no agreement to arbitrate. *Id.* at *3 n.2. However, the court held that the arbitration provision's broad language, if valid, encompassed all of Petitioners' claims. *Id.*

2

it found the agreement to arbitrate all claims valid and enforceable[3] and delegated issues of arbitrability (namely, Petitioners' unconscionability argument) to the arbitrator. *Id.* at *5-6.

The Report and Recommendation was adopted and clarified on June 21, 2016. *Home Buyers Warranty Corp. v. Jones*, 2016 WL 3457006, at *3 (D. Del. June 21, 2016). The court held that the Magistrate Judge did not err in concluding Petitioners had agreed to the arbitration provision in the Warranty, and "read the report as deciding only the questions of the existence of the parties' agreement to arbitrate and the terms of that agreement." *Id.* at *2. The court found that validity challenges to the arbitration provisions, such as challenges relating to unconscionability and enforceability, were distinct from the threshold determination of whether there was an agreement to arbitrate. *Id.* Namely, the court found only that the parties agreed to arbitrate, but all other validity challenges were to be decided by the arbitrator. *Id.*

Following the District Court's adoption of the Report and Recommendation, Petitioners filed a demand for arbitration with the American Arbitration Association ("AAA") on July 22, 2016. (D.I. 1, Ex. A at 367) Petitioners sought "a ruling that the arbitration clause in [the] disputed Warranty [was] not valid or enforceable." (*Id.*) The purported dollar amount of the claim was indicated as "less than $75,000." (*Id.*) On August 19, 2016, Respondents denied all allegations and asserted a counterclaim in the amount of $99,503.03 "for attorney's fees and costs incurred by [Respondents] in enforcing [Petitioners'] agreement to arbitrate all disputes between the parties." (*Id.* at 401)

---

[3] As Judge Andrews clarifies in adopting the Report and Recommendation, it appears the court did not mean to find the arbitration clause "valid," but rather finds petitioners "validly" agreed to it. *Home Buyers Warranty Corp.*, 2016 WL 2350103, at *5. The court rejected Petitioners' assertion that they were unaware of the existence of the arbitration provision and did not intend to be bound by it due to the agreement they executed. *Id.* at *4. Specifically, the agreement explicitly stated that all disputes under the Warranty were to be submitted to binding arbitration, the seller had provided a sample warranty, and Petitioners read the sample. *Id.* As such, "the court [found] [Petitioners] did agree to arbitration." *Id.*

3

The AAA assigned the matter to arbitrator Howard D. Venzie, Jr. ("Arbitrator"), who issued the arbitration award on May 10, 2017. (*Id.* at 403-10) The Arbitrator found the arbitration clause in the Warranty valid and enforceable. (*Id.* at 409) On June 13, 2017, Petitioners filed an action in the Delaware Court of Chancery to vacate the AAA award. (*Id.* at 2) On June 16, 2017, Respondents removed the case to this court. (D.I. 1) On July 12, 2017, Petitioners filed the instant motion to remand the action to the Court of Chancery. (D.I. 6) On August 9, 2017, Petitioners filed a motion to vacate, modify, or correct the arbitration award, which remains pending. (D.I. 11)

## III. LEGAL STANDARD

To remove a case to federal district court, a party must establish that the district court has original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. If jurisdiction is based on diversity of citizenship, complete diversity must exist and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 251 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

A federal court must remand a removed case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden of demonstrating that removal is proper. *Steel Valley Auth. v. Union Switch Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). According to the Third Circuit Court of Appeals, it "is

4

settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth.*, 809 F.2d at 1010. In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed." *Id.*; *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). Unless the law gives a different rule, "the sum claimed by the plaintiff controls." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

## IV. DISCUSSION

Petitioners allege that the court lacks diversity jurisdiction because neither Petitioners' demand for arbitration, nor the award itself, included damages or monetary relief and, as such, the amount in controversy requirement is not met. (D.I. 7 at 8) Respondents contend that diversity jurisdiction exists because in an action to vacate an arbitration award, the amount in controversy is determined by looking at the financial consequences which will ensue if the federal court vacates the award. (D.I. 9 at 6)

"The amount in controversy in a petition to compel arbitration or appoint an arbitrator is determined by the underlying cause of action that would be arbitrated." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995). But when the complaint in a removed action seeks to confirm or vacate an existing arbitration award, there are two main approaches courts use in determining the amount in controversy: the award approach and the demand approach. Under the award approach, courts look only to the amount of the arbitration award. *See, e.g., Mannesmann Dematic Corp. v. Phillips, Getschow Co.*, 2001 WL 282796 (N.D. Tex. Mar. 16, 2001); *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466 (11th Cir. 1997); *Ford v. Hamilton Invs., Inc.*, 29 F.3d 255 (6th Cir. 1994); *Goodman v. CIBC Oppenheimer & Co.*, 131 F. Supp. 2d 1180 (C.D. Cal. 2001). Under the demand approach, courts look to the amount sought in the

5

underlying arbitration rather than the amount awarded. *See, e.g., Hough v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 757 F. Supp. 283 (S.D.N.Y. 1991); *Wise v. Marriot Int'l Inc.*, 2007 WL 2200704 (S.D.N.Y. Jul. 30, 2007); *Doctor's Assoc., Inc. v. Stuart*, 11 F. Supp. 2d 221 (D. Conn. 1998). District courts within the Third Circuit have applied both approaches. *See Capital Mfg., Inc. v. Rayco Indus., Inc.*, 2005 WL 1084649 (E.D. Pa. May 6, 2005) (applied award approach); *Sutter v. Oxford Health Plans, LLC*, 2005 WL 6795061 (D.N.J. Oct. 31, 2005), *aff'd*, 227 F. App'x 135 (3d Cir. 2007) (same); *but see also U.S. Olympic Comm. v. Ruckman*, 2010 WL 2179527 (D.N.J. May 28, 2010) (applied demand approach); *Benhenni v. Bayesian Efficient Strategic Trading, LLC*, 2016 WL 5660461 (D.N.J. Sept. 29, 2016), *aff'd*, 2017 WL 2422862 (3d Cir. June 5, 2017) (same).

Although the Third Circuit has yet to explicitly address which approach is favored, the demand approach is consistent with the Third Circuit's practice concerning motions to compel arbitration. *Benhenni*, 2016 WL 5660461 at *2. Applying the demand approach recognizes the "true scope of the controversy between the parties." *Id.* (*quoting Pershing, L.L.C. v. Kiebach*, 819 F.3d 179, 182 (5th Cir. 2016)). This "avoids the potential problem (which would arise under the award approach) that the court could compel arbitration but then lack jurisdiction to review the arbitration it ordered if a petition to confirm or vacate an arbitration award subsequently arose from the same claim." *Benhenni*, 2016 WL 5660461 at *2 (*quoting Karsner v. Lothian*, 532 F.3d 876, 882-83 (D.C. Cir. 2008)); *see also Pershing*, 819 F.3d at 182-83 (adopting the demand approach because the award approach would divest the same federal court which compelled arbitration of jurisdiction to subsequently confirm or vacate the award if the award fell below the jurisdictional threshold).

6

In the instant case, there is no reasonable basis to conclude that this court is divested of jurisdiction to review a petition to vacate the arbitration award resulting from the very arbitration it originally ordered on the same claims in dispute.

Petitioners contend that their motion to remand should be granted even if the court follows the demand approach because "Petitioners did not seek monetary damages in their demand for arbitration." (D.I. 10 at 7) Rather, Petitioners sought declaratory relief that "the arbitration clause in [the] disputed Warranty [was] not valid or enforceable." (D.I. 1, Ex. A at 367) However, when no monetary award is sought by a party in the arbitration proceeding, the court should determine the amount in controversy by the underlying cause of action that would be arbitrated and the value of such claims, not just the amount sought in the demand for arbitration. *Ruckman*, 2010 WL 2179527, at *7. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977); *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995). The object of the litigation is to determine the merits of Petitioners' warranty related claims against Respondents. As previously determined by the District Court, the stakes involved in this action exceed $75,000, giving rise to diversity jurisdiction. *Home Buyers Warranty Corp.*, 2016 WL 2350103, at *3; *Home Buyers Warranty Corp.*, 2016 WL 3457006, at *2.

Thus, it is recommended that the court retains diversity jurisdiction under 28 U.S.C. § 1332(a) - Petitioners are citizens of the Commonwealth of Pennsylvania, Respondents are Colorado corporations, and the amount in controversy exceeds $75,000. Respondents have met their burden of demonstrating that removal is proper.

V. **CONCLUSION**

7

For the foregoing reasons, I recommend that the court deny Petitioners' motion to remand. (D.I. 6)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objection and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: May 29, 2018

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE