IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JASON JONES and AMANDA JONES,<br><br>Petitioners,<br><br>vs.<br><br>HOME BUYERS WARRANTY CORPORATION and NATIONAL HOME INSURANCE COMPANY (A RISK RETENTION GROUP),<br><br>Respondents. | 1:17CV773 JFB-SRF<br><br>**ORDER** |

This matter is before the Court on the objections of the plaintiffs, Filing No. 17, to the report and recommendation of the magistrate judge, Filing No. 16, denying plaintiffs' motion to remand to state court, Filing No. 6. This case involves an action for breach of contract and alleged residential construction defects.

The standard of review is governed by 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Similarly, Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense of a party.

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive matters are covered by § 636(b)(1)(B).

*Gomez v. United States,* 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). Under subparagraph (B), a district court may refer a dispositive motion to a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B); *see EEOC v. City of Long Branch,* 866 F.3d 93, 99–100 (3d Cir. 2017). The product of a magistrate judge, following a referral of a dispositive matter, is often called a "report and recommendation." *Id.* "Parties 'may serve and file specific written objections to the proposed findings and recommendations' within 14 days of being served with a copy of the magistrate judge's report and recommendation." *Id.* (quoting Fed. R. Civ. P. 72(b)(2)).

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Id.* (quoting 28 U.S.C. § 636(b)(1)).

Following substantial disagreement regarding whether this case needed to be arbitrated, the district court determined that it indeed must be arbitrated.[1] Following arbitration, the arbitrator concluded that the arbitration clause in the Warranty was valid and enforceable. Petitioners filed an action in state court to vacate the award. Thereafter, the petitioners moved to dismiss in this Court arguing that the amount in controversy is less than $75,000 and remand it to state court. The defendants disagree, contending that

---

[1] The Court determined that it had diversity jurisdiction as the petitioners sought $31,777 in damages and asserted fraud, bad faith, and consumer fraud, for which they requested treble damages.

the amount in controversy in a motion to vacate the arbitration award is determined by the total financial consequences if the arbitration award is vacated.

The magistrate judge discussed the two approaches to make this determination, the demand approach and the award approach. The magistrate judge concluded that although the Third Circuit had not directly addressed this issue, the practice in this Circuit is consistent with the demand approach. *See Benhenni v. Bayesian Efficient Strategic Trading, LLC*, 2016 WL 5660461 *2 (D.N.J. Sept. 29, 2016), aff'd, 2017 WL 2422862 (3d Cir. June 5, 2017). The magistrate judge also noted that it would make no sense to say this Court is divested of jurisdiction when in fact it originally ordered these claims to arbitration.

Petitioners argue that they only asked for declaratory relief and not a monetary award in their demand for arbitration. Regarding that argument, the magistrate judge stated: "However, when no monetary award is sought by a party in the arbitration proceeding, the court should determine the amount in controversy by the underlying cause of action that would be arbitrated and the value of such claims, not just the amount sought in the demand for arbitration. United States Olymic Comm. V. Ruckman, 2010 WL 2179527, at *7 (D.N.J. May 28, 2010)." Filing no. 16, at 7. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Advertising Comm'n, 432 U.S. 333, 347 (1977); Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995).

After careful review of the law and the facts, the Court agrees with the magistrate judge. The Court previously determined in this case that the action exceeded $75,000.00.

*See* Home Buyers Warranty Corp. v. Jones, 2016 WL 2350103, at *3 (D. Del. May 4, 2016); Home Buyers Warranty Corp. v. Jones, 2016 WL 3457006, at *2 (D. Del. June 21, 2016). Diversity exists under 28 U.S.C. § 1332(1) as the petitioners are residents of Pennsylvania, and the respondents are Colorado corporations. For the reasons set forth by the magistrate judge, the Court also concludes that the amount in controversy exceeds $75,000.00. Thus, removal is improper.

THEREFORE, IT IS ORDERED THAT:

1. Petitioners motion for remand, Filing No. 6, is denied;

2. Petitioner's objection, Filing No. 17, is overruled; and

3. The report and recommendation of the magistrate judge, Filing No. 16, is adopted in its entirety.

Dated this 21st day of August, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge