IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JASON JONES and AMANDA JONES,<br><br>Petitioners,<br><br>vs.<br><br>HOME BUYERS WARRANTY CORPORATION and NATIONAL HOME INSURANCE COMPANY (A RISK RETENTION GROUP),<br><br>Respondents. | 1:17CV773 JFB-SRF<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the objections of the petitioners, D.I. 35, to the report and recommendation of the magistrate judge, D.I. 34, denying petitioners' motion, D.I. 11, to vacate, modify or correct the arbitration award and granting respondents' motion to confirm the award, D.I. 28. This case involves an action for breach of contract and alleged residential construction defects. The parties arbitrated before the American Arbitration Association (AAA), and an order was issued by the arbitration judge. D.I. 1-1, 403, at PAGE ID #409. Petitioners moved to vacate or correct the arbitration award, and respondents moved to confirm the arbitration award. The magistrate judge recommends denying petitioner's motion and granting respondents' motion.

**STANDARD OF REVIEW**

The standard of review is governed by 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the

magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Similarly, Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense of a party.

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive matters are covered by § 636(b)(1)(B). *Gomez v. United States,* 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). Under subparagraph (B), a district court may refer a dispositive motion to a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B); *see EEOC v. City of Long Branch,* 866 F.3d 93, 99–100 (3d Cir. 2017). The product of a magistrate judge, following a referral of a dispositive matter, is often called a "report and recommendation." *Id.* "Parties 'may serve and file specific written objections to the proposed findings and recommendations' within 14 days of being served with a copy of the magistrate judge's report and recommendation." *Id.* (quoting Fed. R. Civ. P. 72(a) and (b)(2)).

## BACKGROUND

Petitioners object to the report and recommendation and ask this court to vacate the arbitration award. In particular, petitioners allege that the warranty requires that all disputes under the "limited warranty" shall be submitted to binding arbitration. D.I. 27-1 PageID #1064. Petitioners argue, however, that they received a warranty, unlike the one submitted by the defendants, that states,

> "[a]ny and all claims… by or between the homeowner, the Builder, The Warranty Insurer and/or HBW…related to this Warranty, to the subject Home, to any defect in or to the subject Home or the real property on which the subject Home is situated, or the sale of the subject Home by the Builder, including without limitation, any claim of breach of contract, negligent or intentional misrepresentation or nondisclosure in the inducement, execution or performance of any contract, including this arbitration agreement, an breach of any alleged duty of good faith and fair dealing shall be settled by binding arbitration…"

(D.I. 27-1 Page ID #1079) (emphasis added). Plaintiff contends that the warranty they were shown in the Agreement was different than this one that they received in the mail, and the initial warranty "requires that all disputes which arise under the limited warranty be submitted to binding arbitration." (D.I. 27-1 PageID #1064).

BPG Residential Partners IV, LLC, contends petitioners, was a stranger to both the Warranty and the arbitration. The claims against it were in Delaware Superior Court. Yet, contends petitioners, the Arbitrator ordered the petitioners in the case before this Court to assert their separate non-warranty claims in an amended demand for arbitration.[1] This, argues petitioners, was beyond the scope of the authority of the arbitrator.

The Arbitrator thereafter seemingly agreed that he had overreached and attempted to fix the overreach on July 25, 2017, but the AAA rules apparently stop the changing of an award after the evidentiary hearing closes. The magistrate judge, though, accepted the clarification and the respondents agreed that the award did not require the petitioners

---

[1] The arbitrator stated:
> On or before May 23, 2017, Claimants shall file and serve an Amended Demand for Arbitration setting forth all claims, disputes and controversies arising from or relating to the sale/purchase of their Home from TBG, Residential Partners IV, LLC located in Christina Landing, Wilmington, Delaware or any defect(s) to or in connection with the construction thereof. On or before June 7, 2017, Respondents shall file and serve their Amended Answering Statement and Counterclaim. D.I. 36-3 Ex. 3, ¶ 12(a), pp.7-8.

to submit their non-party claims to arbitration. Petitioners contend that the magistrate judge's decision that the Arbitrator was just trying to have petitioners amend their complaint so that the "so that the merits of their breach of warranty claims against Respondents could be formally asserted in arbitration" is erroneous and outside the scope of arbitration. Report, D.I. 34 at 8. The magistrate judge, argues petitioners, cannot do so alter the award. Thus, the petitioners argue that the arbitrator created his own standard of law and failed to apply the 10 standards under *Fritz* for unconscionability. *See Fritz v. Nationwide Mut. Ins. Co.*, 1990 WL 186448 (Del. Ch. Nov. 26. 1990); *Jones v. Home Buyers Warranty*, 2019 WL 2067650, at *6 (D. Del. May 10, 2019).

**DISCUSSION**

The magistrate judge outlined the facts on pages 2 through 5. D.I. 34. The Court finds the facts are accurate as discussed and adopts them in their entirety.

The primary question at arbitration was whether the arbitration agreement was valid, that is, whether the arbitration provision was enforceable and not unconscionable. *See e.g., Jones v. Home Buyers*, 2016 WL 3457006, at *2 (D. Del. June 21, 2016); *see also* D.I. 27-1, at ¶ 9. The magistrate judge noted that the decision of the arbitrator, per the Agreement, is final and binding. The magistrate judge determined that the decision regarding class certification does not violate 9 U.S.C. § 10(a)(4) as argued by petitioners. D.I. 34 at 9. Respondents argued that since the petitioners submitted only one issue and it regarded the validity and enforceability of the arbitration agreement which the arbitrator determined was valid, the arbitrator correctly ordered petitioners to file an amended demand for arbitration "so that the merits of their breach of warranty claims against Respondents could be formally asserted in arbitration. *See* D.I. 27- 1 G at, ¶ 12)." D.I.

34 at 8. The magistrate judge stated "[p]etitioners have failed to carry their 'heavy burden' of showing that the arbitrator 'act[ed] outside the scope of his contractually delegated authority.'" D.I. 34 at 9. *See also, Oxford Health Plans v. Sutter*, 569 U.S. 564, 569 (2013) ("A party seeking relief under that provision bears a heavy burden. It is not enough ... to show that the [arbitrator] committed an error—or even a serious error." *Stolt–Nielsen*, 559 U.S., at 671, 130 S.Ct. 1758). Therefore, the Court recommends denying Petitioners' motion on this issue. The Court agrees with the magistrate judge. Sufficient evidence supports the magistrate judge's determination, supporting the arbitrator's decision, that the agreement is valid and enforceable. The caselaw overwhelmingly supports this decision. Accordingly, the Court will adopt the magistrate judge's recommendation on the validity issue.

The respondents also contend that class arbitration is precluded by previous district court opinions and the Arbitration Order. Judge Thynge[2] decided that the parties agreed to (1) provisions to arbitrate arbitrability and (2) prohibit class wide arbitration. *Home Buyers*, 2016 WL 2350103, at *5. District Judge Richard Andrews, on review, did not support this finding in its entirety. The magistrate judge in this case determined that "Judge Andrews adopted the recommendation with the following clarification, 'I therefore read the report as deciding only the questions of the existence of the parties' agreement to arbitrate and the terms of that agreement.... Thus, the Court must enforce Respondents' agreement to arbitrate claims arising under or related to the warranty.'" D.I.

---

[2] This case was originally assigned to magistrate judge Mary Pat Thygne and then reassigned to magistrate judge Sherry R. Fallon. District Court Judge Andrews adopted the report and recommendation of magistrate judge Thynge on June 21, 2016, in the related case including the third party to this case.

34 at 10. Therefore, the District Court determined, as found the magistrate judge, that the arbitration agreement does not allow class-wide arbitration. Thus, no relief of any kind was offered to the non-parties.

The respondents now note that on the eve of trial the petitioners entered into a $3 million settlement with the builder, and the class action claims are totally resolved. D.I. 36 at 1. D.I. 36, at 1 and Exs. 1 and 2. Accordingly, the Court upon review has determined it need not decide any of the claims as they relate to the class action arguments.

Petitioners next argue that the arbitrator violated 9 U.S.C. § 10(a)(3) because it failed to follow the district court's order. The magistrate judge concluded, relying on the decision of Judge Andrews, that the "petitioners conflate the issues of whether an arbitration agreement has been created and whether the agreement is valid. D.I. 31 at 7-9, Answering Brief"; D.I. 34 at 11, R&R by Judge Fallon. She noted that the arbitrator correctly analyzed the arbitration agreement in accordance with Delaware law and determined validity. Accordingly, the magistrate judge recommends that this Court deny petitioner's motion on this issue. The Court agrees. The magistrate correctly analyzed the law and the previous opinions of the magistrate and district court judges in this case as it relates to validity. The Court determines that she is correct in this regard.

Petitioners also argue that the evidentiary hearing was fundamentally unfair, because neither the Joneses and their witnesses were permitted to testify at the arbitration hearing. The respondents contend that the decision to not present witnesses was appropriate as the issues to be decided were purely legal in nature. Magistrate Judge Fallon likewise agreed finding that the petitioners failed to provide support for their argument that "the arbitrator's refusal to hear proffered testimony 'so affect[ed] the rights

6

of a party that it may be said that he was deprived of a fair hearing.'" *Century Indem. Co. v. Travelers Property Cas. Co*, 5*84 F.3d at 557* (quoting *Teamsters Local* 312, 118 F.3d at 995); *see also* (D.I. 27, Ex. 2, Affidavit of Jason Jones). The magistrate judge recommends that this Court deny petitioner's motion on this issue. The Court agrees. The petitioner did not submit any authority for the proposition that the arbitrator was required to allow witness testimony. Further, the arbitration involved primarily legal questions, i.e., validity and enforceability. Accordingly, the Court will affirm in this regard.

Petitioner next argues that the arbitrator violated 9 U.S.C. § 10(a)(2) due to self-interest and bias. Petitioners contend that the arbitrator expanded his authority and tried to exercise jurisdiction he did not possess. Petitioners base this argument on their belief that that the arbitrator wanted to handle the entire dispute that was pending in the Delaware Superior Court. The petitioner cited no additional evidence or law other than this statement to show bias. The magistrate judge concluded it was insufficient to show bias. The Court agrees. After reviewing the record, there is no evidence of bias or self-interest under 9 U.S.C. § 10(a)(2), and this claim is without merit.

Next, petitioners contend in the alternative that the award should be modified, noting that "[A] court's review of an arbitration award is characterized as 'severely limited.'" *In re Fruehauf Trailer Corp.*, 414 B.R. 36 (Bankr. D. Del. 2009) (quoting *Mutual Fire, Marine & Inland Ins. Co. v. Norad Reins. Co., Ltd.*, 868 F.2d 52, 56 (3d Cir. 1989)). The magistrate judge reviewed the law and facts and determined that the plaintiffs failed to offer evidence or law supporting their burden of proving that modification is appropriate. This Court agrees with the magistrate judge. The petitioner has offered no sound legal or factual argument as to why this award should be modified.

**THEREFORE, IT IS ORDERED THAT:**

1. Petitioners motion to vacate, D.I. 11, is denied;

2. Respondents motion to confirm the arbitrator's decision, D.I. 28, is granted;

3. Petitioners' objection, D.I. 35, is overruled; and

4. The report and recommendation of the magistrate judge, D.I. 34, is adopted in its entirety.

Dated this 2nd day of December 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge